UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TGL Marine Holdings, ULC,

        Plaintiff,      Case No. 13-cv-14734
                                    Hon. Judith E. Levy
v.                               Mag. Judge Paul J. Komives

Nicholson Terminal & Dock Co.,

    Defendant / Third-Party
                 Plaintiff,

v.

Dean Marine & Excavating, Inc.,
et al.,

    Third-Party Defendants.

_____/

# OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [48]

This matter is before the Court on Plaintiff TGL Marine Holdings, ULC's Motion for Leave to File an Amended Complaint. (Dkt. 48.) TGL timely filed its motion before the date set by the Court for the addition of parties. (*See* Dkt. 39, Scheduling Order.) TGL seeks to add as defendants Dean Marine & Excavating, Inc., and DME Leasing, LLC

("DME defendants), both of which are already third-party defendants in this case. TGL raises claims for negligence and breach of contract against the DME defendants. (Dkt. 48-2, Proposed Amend. Compl. 21-23.) TGL also seeks to add as defendants Benchmark Aviation Marine, LLC and James Nisbet ("Nisbet defendants"), raising a negligence claim against both. (Id. at 23.) Defendant Nicholson Terminal & Dock Company opposes only the addition of the Nisbet defendants and the relevant claim against them. (Dkt. 55.) For the reasons set forth below, the Court will grant the motion.

I.   Standard

At this point in the case, TGL may only amend its complaint with Nicholson's written consent or with leave of the Court. *See* Fed. R. Civ. P. 15(a)(1)-(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Absent "undue delay, bad faith, or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment . . . the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1968) (holding absent).

## II. Analysis

### A. DME defendants

The DME defendants have already been added as third-party defendants to this case, and no party objects to TGL's proposed addition of claims directly against the DME defendants. TGL's motion will be granted as to its proposed negligence and breach of contract claims against the DME defendants.

### B. Nisbet defendants

TGL seeks to add a negligence claim against the Nisbet defendants. (Dkt. 48-2, Proposed Amend. Compl. ¶¶ 84-87.) Nicholson maintains this claim would be futile, as TGL has failed to allege the Nisbet defendants owed a duty of care to TGL. (Dkt. 55, Nicholson Resp. 7-9.)

In fact, TGL alleges the Nisbet defendants owed a duty of care on two separate bases: (1) as an agent of Nicholson, and (2) as having voluntarily assumed a duty to warn TGL of power loss, flooding, and heat problems at Nicholson's Ecorse dock. (Dkt. 48-2, Proposed Amend. Compl. ¶ 85.)

3

"The liability of an agent for his own negligence has long been imbedded in the law." *Robert C. Herd & Co. v. Krawill Machinery Corp.*, 359 U.S. 297, 304 (1959) (quoting *Brady v. Roosevelt S.S. Co.*, 317 U.S. 575, 580 (1943)); *accord Baranowski v. Strating*, 72 Mich. App. 548, 560 (1976) (holding agent "is personally liable for torts in which he actively participated, including negligence") (internal citations omitted). But an agent "is subject to liability to a third party only when the agent's conduct breaches a duty that the agent owes the third party." Rest. (3d) Agency § 7.02, cmt. b. Such a duty arises, for example, when the agent has control of property that is the subject of the negligence claim. *Bannigan v. Woodbury*, 158 Mich. 206, 207 (1909) (holding that "[a]n agent in the control of property is responsible for his own tortious acts.").

Here, TGL has alleged the Nisbet defendants, as the agent of Nicholson, owed TGL a wharfinger's duty. TGL has further alleged that the Nisbet defendants were at least partly responsible for maintaining electrical power at the Ecorse dock, supervised emergency measures at the dock beginning January 20, 2013, and was responsible for warning TGL of power and heat issues at that time. (Dkt. 48-2, Proposed

4

Amend. Compl. ¶¶ 19, 23-25.) TGL has alleged the Nisbet defendants had sufficient control of the Ecorse dock to establish a duty of care owed by the Nisbet defendants to TGL.

TGL has also sufficiently alleged that the Nisbet defendants voluntarily assumed a duty of care to TGL. Under Michigan law, "[a] party may be under a legal duty when it voluntarily assumes a function that it is not legally required to perform" and must then perform the duty "with some degree of skill and care." *Zychowski v. A.J. Marshall Co.*, 233 Mich. App. 229, 231 (1998). Here, TGL alleges the Nisbet defendants voluntarily assumed supervision of emergency measures related to loss of power, flooding, and heat issues at Nicholson's Ecorse dock, beginning January 20, 2013. (Dkt. 48-2, Proposed Amend. Compl. ¶ 85.) TGL further alleges the Nisbet defendants voluntarily undertook to warn the relevant persons about those power, flooding, and heat issues. (Id.)

In sum, Nicholson has not shown that TGL's proposed negligence claim against the Nisbet defendants would be futile. Nicholson has likewise failed to show undue delay, bad faith, or dilatory motive on TGL's part, or undue prejudice to Nicholson.

### III. Conclusion

Accordingly, TGL's Motion to File an Amended Complaint (Dkt. 48) is GRANTED.

IT IS SO ORDERED.

Dated: April 15, 2015　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 15, 2015.

　　　　　　　　　　　　　　　　s/Felicia M. Moses
　　　　　　　　　　　　　　　　FELICIA M. MOSES
　　　　　　　　　　　　　　　　Case Manager